UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **EDDIE LEE ANDERSON** | ) | |
| | ) | |
| v. | ) | CIV. NO. 04-CV-12182-PBS |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

### Government's Opposition to Defendant's Fifth (5th) Motion To Vacate Judgment Under 28 U.S.C. § 2255

The United States opposes Eddie Lee Anderson's ("Anderson") petition pursuant to 28 U.S.C. § 2255. As described below, the petition should be summarily denied because: (1) this is Anderson's Fifth (5th) § 2255 petition and he has not satisfied the gatekeeping provisions for filing second or successive Section 2255 motions; (2) the petition was filed outside the one-year period of limitation governing Section 2255 petitions; (3) the petition improperly attempts to relitigate claims decided on direct review; (4) Blakely (on which the petition is premised) is not applicable to the U.S. Sentencing Guidelines; and (5) even if it were applicable to the Guidelines, Blakely is not retroactive and cannot apply to a § 2255 petition.

### I. Anderson's Motion Does Not Satisfy The Gatekeeping Provisions For Second Or Successive § 2255 Motions

When a defendant wants to file a "second or successive" Section 2255 motion, he must first get permission from the Court of Appeals. 28 U.S.C. § 2244(b)(3). When a defendant files a second or successive § 2255 motion in District Court without

1

first seeking such authorization, the district court should dismiss the motion. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997). Here, the instant motion is defendant Anderson's fifth § 2255 motion. See the docket report for Anderson's underlying criminal case (#95-10110-PBS), attached as Exhibit 1, at docket entry numbers 174[1] (§ 2255 motion filed 12/30/98), 175 (§ 2255 motion filed 06/18/01), 177 (§ 2255 motion filed 03/17/03), 178 (§ 2255 motion filed 12/11/03) and 179 (§ 2255 motion filed 09/30/04) - the instant motion. Anderson has neither sought nor received permission from the Court of Appeals to file his motion. Consequently, the motion should be dismissed. Id.

## II. Anderson's Petition Is Untimely

Congress established a "1-year period of limitation" governing motions for collateral relief under Section 2255. 28 U.S.S.C. § 2255, ¶6. Where, as here, the petitioner's conviction is affirmed on direct appeal (See United States v. Eddie Lee Anderson, 139 F.3d 291 (1st Cir. 1998)) and, as here, he doesn't file a petition for certiorari, the time period runs 90 days after entry of the court of appeals' judgment (when the judgement of conviction becomes final.) Clay v. United States, 537 U.S. 522 (2003.) Here, mandate of the Court of Appeals on Anderson's

---

[1] The docket appears to contain two entries each numbered 174 and 175. See the second such entries at p. 21.

2

direct appeal entered on or about 04/21/98. (See Exhibit 1, attached, at entry #169.) Consequently, the instant motion, filed on 09/30/04, was filed long after the one-year period of limitation and should be dismissed.

### III. Anderson's Petition Improperly Raises Claims Decided On Direct Review

A federal prisoner cannot ordinarily relitigate claims decided on direct review in a § 2255 proceeding. See Withrow v. Williams, 507 U.S. 680, 720-721 (1993) (Scalia J., concurring) (collecting cases); Argencourt v. United States, 78 F.3d 14, 16 n.1 (1st Cir. 1960). Here, Anderson's petition argues that the sentencing court improperly applied guideline sentencing enhancements for offense role, obstruction of justice, and coercion/rape of one of the victims. See Anderson's Petition at p. 2. Those claims were explicitly decided on direct review. See United States v. Anderson, 139 F.3d at 297-298. Consequently, Anderson is precluded from raising them in a § 2255 petition. Withrow, 507 U.S. at 720-721; Argencourt, 78 F.3d at 16 n.1.

### IV. Blakely Does Not Apply to the United States Sentencing Guidelines

Anderson's motion must be denied to the extent it is premised on Blakely, a decision which is by its own terms not applicable to the United States Sentencing Guidelines. In support of its argument that Blakely does not apply to the

3

Sentencing Guidelines, the government relies upon the arguments submitted by the United States Solicitor General in <u>United States v. Freddie J. Booker</u>, 375 F.3d 508 ((7th Cir.), <u>cert. granted</u>, --- S.Ct. ----, 2004 WL 1713654 (Aug 02, 2004) (No. 04-104) and <u>United States v. Ducan Fanfan</u>, 2004 WL 1723114 (D.Me.2004), <u>cert. granted</u>, --- S.Ct. ---- (Mem), 2004 WL 1713655, (Aug 02, 2004) (No. 04-105) (briefs found at 2004 WL 1732451, 2004 WL 1967056, 2004 WL 2190496), as well as the reasoning set forth in <u>United States v. Pineiro</u>, 377 F.3d 464 (5th Cir. 2004), petition for cert. pending, No. 04-5263 (filed July 14, 2004); <u>United States v. Freddie J. Booker</u>, 375 F.3d 508, 515-19 (7th Cir. 2004)(Easterbrook, J., dissenting); and <u>United States v. Emmenegger</u>, 329 F.Supp.2d 416 (S.D.N.Y. 2004).

### V. Assuming Arguendo That <u>Blakely</u> Applies To Anderson's Case, <u>Blakely</u> Is Not Retroactive And Cannot Apply To A Petition under Section 2255.

Even if one were to assume *arguendo* that <u>Blakely</u> applies to the federal Sentencing Guidelines, Anderson's collateral attack on his sentence must be rejected because his conviction was final before <u>Blakely</u> was decided, and <u>Blakely</u> does not apply retroactively.

Under <u>Teague v Lane</u>, 489 U.S. 288, 310 (1989), "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." <u>See also</u>, <u>Schiro v. Summerlin</u>, ___ U.S. ___, 124

4

S.Ct. 2519, 2523 (2004) ("New rules of procedure, on the other hand, generally do not apply retroactively"). Under Teague, only a small set of "watershed rules of criminal procedure" implicating the fundamental fairness and accuracy of a criminal proceeding are given retroactive effect. 489 U.S. at 311-312 ("New rules of procedure . . generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, we give retroactive effect to only a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.")(quotations omitted). See also Summerlin, 124 S.Ct. at 2523; and Saffle v. Parks 494 U.S. 484, 495 (1990).

An analysis of the Supreme Court's recent decision in Summerlin demonstrates that, at best, Blakely qualifies as a new procedural rule that does not fall within the "watershed" exception.  Therefore, Blakely is not retroactively applicable, and a collateral attack on a conviction final before Blakely was decided must be rejected.

In Summerlin, decided the same day as Blakely, the Court decided that the ruling of Ring v Arizona, 536 U.S. 584 (2002),

5

does not apply retroactively. In Ring, the Court held that the ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000), required that aggravating factors necessary to impose the death penalty under Arizona law be proven to a jury rather than a judge. 536 U.S. at 609. Summerlin's conviction and death sentence had become final before Ring was decided. 124 S.Ct. at 2521-22.

To decide whether Ring could be applied retroactively, the Court examined: (1) whether Ring articulated a procedural or substantive rule, and (2) if Ring involved a procedural rule, whether it fell within the "watershed" exception of Teague. The Supreme Court concluded that Ring articulated a procedural rule because Ring's holding did not alter the range of conduct or the class of persons subject to the death penalty in Arizona; instead, Ring merely altered "the range of permissible methods for determining whether a defendant's conduct is punishable by death." Id. at 2523.

Even if Blakely applies to the federal Sentencing Guidelines, it is an extension of the ruling in Apprendi, later applied to the death penalty context in Ring. Like the Ring decision, the Blakely decision does not alter the range of conduct or the class of persons subject to a specific sentence under the federal Sentencing Guidelines. Instead, Blakely merely changes the method of determining how the defendant's conduct is punished under the Guidelines by requiring any fact (other than a

prior conviction) which enhances a sentence to be alleged in the indictment and either to be proven to a jury beyond a reasonable doubt or to be admitted by the defendant. 124 S.Ct. at 2536. Therefore, under the reasoning in Summerlin, Blakely involved a procedural rule.

The Supreme Court in Summerlin also explained that the question of whether a new rule falls within the watershed exception depends on "whether judicial factfinding so 'seriously diminishes' accuracy that there is an 'impermissibly large risk' of punishing conduct the law does not reach." 124 S.Ct. at 2525, quoting Teague 489 U.S. at 311-312.  The Court held that Ring did not announce a watershed rule because it could not confidently say that judicial factfinding seriously diminishes the accuracy of capital sentencing proceedings.  Id.

Similarly, Blakely addressed the issue of whether factfinding must be conducted by a judge or jury.  Because the Court in Summerlin could not say that judicial factfinding of aggravating circumstances seriously diminishes the likelihood of accurate death penalty proceedings, it follows that the judicial factfinding arguably prohibited by Blakely does not diminish the likelihood of accurate non-capital sentencing proceedings. Therefore, Blakely does not fall within the watershed exception because it does not establish a rule "without which the likelihood of an accurate conviction is seriously diminished."

7

Teague, 489 U.S. at 311.

Although the First Circuit has not yet examined whether Blakely can be applied retroactively, consistent with the reasoning of the Supreme Court employed in Summerlin, the First Circuit has held that the rule set forth in Apprendi does not apply retroactively to cases on collateral review. Sepulveda v United States, 330 F.3d 55 (1st Cir. 2003). Every other court of appeals to consider the issue also has concluded that Apprendi does not apply retroactively. See, e.g., Coleman v United States, 329 F.3d 77 (2d Cir. 2003); United States v. Swinton, 333 F.3d 481 (3d Cir. 2003); United States v. Sanders, 247 F.3d 139 (4th Cir. 2001); United States v. Brown, 305 F.3d 304 (5th Cir. 2002); Goode v. United States, 305 F.3d 378 (6th Cir. 2002); Curtis v. United States, 294 F.3d 841 (7th Cir. 2002); United States v. Moss, 252 F.3d 993 (8th Cir. 2001); United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002); United States v Mora, 293 F.3d 1213 (10th Cir. 2002); McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001). Because Blakely involves the same procedural rule as Apprendi (whether a judge or jury should determine facts which enhance a sentence), and courts have uniformly concluded that Apprendi does not apply retroactively, it necessarily follows that Blakely does not apply retroactively.

The courts which have addressed the issue of whether Blakely can serve as a basis for a successful Section 2255 petition, have

consistently concluded that <u>Blakely</u> is a procedural rule that does not fall within the small set of watershed procedural rules which apply retroactively. See, e.g. <u>Orchard v. United States</u>, 332 F.Supp.2d 275, 277 (D.Me. 2004)("the extension of the <u>Apprendi</u> rule announced in <u>Blakely</u> is a rule of criminal procedure that may not be applied retroactively); <u>Morris v. United States</u>, 333 F.Supp.2d 759, 772 (C.D. Ill. 2004)(rejecting retroactivity argument, citing cases); <u>United States v. Cino</u>, 2004 WL 2382686, *4-5 (D.Nev. 2004)(concluding that <u>Blakely</u> not retroactive under <u>Teague</u> and <u>Summerlin</u>); <u>Hall v. United States</u>, 2004 WL 1932755, *3 (D.Mass. 2004)(concluding that <u>Blakely</u> claim not available on collateral review); <u>Garcia v. United States</u>, 2004 WL 1752588, *6-7 (N.D.N.Y. 2004)("<u>Blakely</u> cannot be said to establish a watershed rule of criminal procedure and it does not apply retroactively to cases on collateral review."); <u>Rosario-Dominguez v. United States</u>, 2004 WL 1814021, *9 (S.D.N.Y. 2004) (<u>Blakely</u> "not a new substantive rule that may upset a judgment of conviction on collateral review"); <u>United States v. Stoltz</u>, 2004 WL 1619131, at *2-3 (D.Minn. July 19, 2004)(<u>Blakely</u> not apply retroactively).

Accordingly, <u>Blakely</u> is not retroactively applicable to cases on collateral review and Anderson's petition must be denied.

## Conclusion

For the reasons set forth above, the defendant's petition pursuant to 28 U.S.C. § 2255 be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
CHRISTOPHER F. BATOR
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I, CHRISTOPHER F. BATOR, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by first class mail upon Eddie Lee Anderson, P.O. Box 1000, Lewisburg, PA 17837 by first class mail.

_____
CHRISTOPHER F. BATOR
Assistant U.S. Attorney

11/30/04