```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

EDDIE LEE ANDERSON,
          Petitioner

          v.                            CRIMINAL NO.
UNITED STATES OF AMERICA,                95-10110-PBS
          Respondent.
_____
EDDIE LEE ANDERSON,
          Petitioner

          v.                            CIVIL ACTION
UNITED STATES OF AMERICA,                NO: 04-12182-PBS
          Respondent.
```

MEMORANDUM AND ORDER

SARIS, D.J.

    For the reasons set forth below: (1) Petitioner's § 2255 Motion to Vacate Sentence Due to Actual Innocence (#178) is denied and dismissed without prejudice; (2) Petitioner's § 2255 Motion to Vacate Sentence (#179) in Criminal No. 95-10110-PBS and (#1) in Civil Action No. 04-12182-PBS is denied and dismissed without prejudice; (3) Civil Action No. 04-12182-PBS shall be administratively closed in view of this Order for dismissal; (4) the clerk shall terminate all Petitioner's § 2255 motions docketed in Criminal No. 95-10110-PBS; and (5) the clerk shall mail a copy of this Memorandum and Order to the Petitioner at the USP Lewisburg, PA and at FCI Ray Brook.

BACKGROUND

    In 1995, Petitioner Eddie Lee Anderson was convicted after a jury trial, of transportation of minors and adults across state

lines for purposes of prostitution, in violation of 18 U.S.C. §§ 2241, 2423(a).  He was sentenced by this Court on December 18, 1995, to 168 months.  Petitioner appealed, and the First Circuit Court of Appeals affirmed the conviction and sentence on March 27, 1998.  See United States v. Anderson, 139 F.3d 291, 295 (1st Cir. 1998).  Subsequently, on December 30, 1998, Petitioner filed his first § 2255 motion with this Court (#174).  As is this Court's normal procedure, the motion was opened as a civil action in this Court, and was assigned a separate civil case number.  See Anderson v. USA, Civil Action No. 98-12637-PBS.

Petitioner's motion in Civil Action No. 98-12637-PBS was denied in its entirety.  See Memorandum and Order, Civil Action No. 98-12637-PBS (D. Mass. May 20, 1999).  Petitioner appealed the denial.  See USCA No. 99-2105. On July 19, 2000, the First Circuit Court of Appeals denied the certificate of appealability and terminated the appeal.  See Mandate (#19 in Civil Action No. 98-12637-PBS).

On June 18, 2001, Petitioner filed a second § 2255 motion (#175), asserting, *inter alia*, that his conviction and sentence violated a new rule of law established by the Supreme Court.  See Apprendi v. New Jersey, 530 U.S. 466 (2000).  Again, pursuant to this Court's normal procedure, the motion was opened as a separate civil action, and was assigned as Anderson v. USA, Civil Action No. 01-11153-PBS.  On August 17, 2001 a Memorandum and

Order (#6) issued in the civil case, directing the transfer of the matter to the First Circuit Court of Appeals. See USCA No. 01-2188.  The Court found transfer was appropriate, because the district court lacked jurisdiction over a second and successive petition absent permission from the court of appeals that such petition may proceed in the District Court.  Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997).  On November 13, 2001, the First Circuit Court of Appeals denied the application for leave to file a second or successive § 2255 petition. See Mandate ((#7 in Civil Action No. 01-11153-PBS)

On March 17, 2003, Petitioner filed a third § 2255 Motion (#177).  Once again, under the Clerk's Office normal procedures, this motion was opened as a civil case, and assigned as Anderson v. USA, Civil Action No. 03-10498-PBS.  On May 31, 2003 this Court entered an electronic Order denying the petition as a uncertified successive petition, and on July 2, 2003, this Court dismissed the case based on that electronic Order. (#7). Petitioner appealed. See USCA No. 03-1859.  On December 17, 2003 the First Circuit Court of Appeals denied the certificate of appealability and terminated the appeal. See Mandate (#21 in Civil Action No. 03-10498-PBS)

On December 11, 2003, Petitioner filed a fourth § 2255 motion, entitled "2255 Motion to Vacate Sentence Due to Actual Innocence."  This pleading was docketed in the criminal case as

docket #178. However, due to an inadvertent clerical mistake in the Clerk's Office, this motion was <u>not</u> opened as a new civil action pursuant to normal Clerk's Office procedures. This motion remains pending only in the criminal case. (Criminal No. 95-10110-PBS).

Finally, on September 30, 1004, Petitioner filed a fifth § 2255 motion in the criminal case (#179), asserting, *inter alia,* a <u>Blakeley</u>[1] challenge. This motion was opened as a civil case and assigned as <u>Anderson v. USA</u>, Civil Action No. 04-12182-PBS. That action is also pending before this Court, and the Respondent filed an Opposition to the Petitioner's Motion to Vacate, on November 30, 2004 (#4).

<u>ANALYSIS</u>

I.  <u>Petitioner's § 2255 Motion to Vacate Sentence<br>Due to Actual Innocence (#178)</u>

As noted above, the Petitioner has attempted on numerous occasions to seek § 2255 relief from this Court, to no avail. At this juncture, there are two pending § 2255 motions which need to be addressed.

With respect to the § 2255 Motion identified as Motion #178, filed on December 11, 2003, and not opened as a new civil action, this Court again must deny the motion for lack of jurisdiction, since this motion is clearly a "successive" petition. <u>Pratt</u>, 129 F.3d at 57. Before a party can file a "second or successive" §

---

[1]<u>Blakely v. Washington</u>, __U.S.__, 124 S.Ct. 2531, 159 L.Ed. 2d 403 (2004).

4

2255 motion, the motion must be certified by the appropriate Court of Appeals, as provided in section § 2244, to contain (1) newly discovered evidence..., or (2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. 28 U.S.C. § 2255.

Here, Petitioner has not sought, nor obtained, leave from the First Circuit Court of Appeals to file this Motion (#178). In view of the Petitioner's lengthy history of unsuccessful challenges, the Court finds that transfer of the § 2255 Motion (#178) pursuant to 28 U.S.C. § 1631 is not in the interests of justice, and that dismissal, rather than transfer is appropriate here.

However, notwithstanding the above dismissal of Motion (#178) as a successive petition, the Court recognizes that Petitioner is asserting a claim of "factual" or "actual innocence" in this motion. He bases this contention on the assertion that:

> Jasmine Cruz is the only person capable of proving evidence of the mens rea element since she was the only person in Count one of the indictment and resulting verdict of conviction. Without Jasmine Cruz's testimony there is no evidence that she knew that she was travelling [sic] for the purpose of prostitution. The lack of evidence proving the mens rea under 18 USC 2423 is movant's actual factual innocence.

Motion #178 at 2.

Although Petitioner has styled his pleading as a motion under § 2255, it is unclear whether, by asserting such language, Petitioner is attempting to invoke the "Savings Clause" of

§ 2255.  The "Savings Clause" of § 2255 provides, in relevant part:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective** to test the legality of his detention.

28 U.S.C. § 2255 (emphasis added).

Here, Petitioner has not expressly made the argument that § 2255 is an "inadequate or ineffective remedy because he is barred by the second and successive petition limitations placed on § 2255 motions.  In any event, such an argument is not sufficient to invoke this Savings Clause. "It is settled law that the remedy afforded by section 2255 is not rendered *inadequate or ineffective* merely because an individual is procedurally barred from invoking its protection." Jaramillo v. Winn, 2002 WL 1424579, *2 (D.Mass. 2005)(Zobel, J.) citing United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); In re Dorsainvil,119 F.3d 245, 251 (3rd Cir. 1997).  Rather, the limited purpose of the Savings Clause allows a petitioner to make a claim based on "actual innocence" that would otherwise be barred by § 2255, as for example where a petitioner shows that due to a change in substantive law, he is being imprisoned for a now nonexistent

6

offense. Jaramillo v. Winn, 2002 WL 1424579, at *2, citing Charles v. Chandler, 180 F.3d 753 (6th Cir. 1999).

The general rule imposed by courts is that a federal prisoner must use a § 2255 motion to challenge the constitutionality of his or her sentence. Jaramillo v. Winn, 2002 WL 1424579 **1 (D.Mass. 2005)(Zobel, J.)citing Triestman v. United States, 124 F.3d 361, 373 (2nd Cir.1997). However, by invoking the claim of "actual innocence," a petitioner could raise a collateral challenge pursuant to 28 U.S.C. § 2241. See, e.g., Jaramillo, 2002 WL 1424579 at *1. Thus, as a jurisdictional matter, a District Court would have jurisdiction over a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 if such action is filed in the appropriate District Court.

It is well settled that a writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. Petitioner's legal custodian is the warden or superintendent or other official having the day-to-day control over the facility in which the Petitioner is being detained. Rumsfeld v. Padilla, --U.S.--, 124 S. Ct. 2711, 2720 (2004); Vasquez v. Reno, 233 F.3d 688, 694 (1st Cir. 2000), *cert. denied, sub nom.* Vasquez v. Ashcroft, 122 S. Ct. 43 (2001).

In this case, it is not entirely clear where the Petitioner is currently located. The docket sheet in Civil Action No. 04-12182-PBS (the most recent case pending before this Court) indicates that Petitioner is in custody at USP Lewisburg, PA.

7

The recent filings by the Petitioner do not indicate a current mailing address for Petitioner, and the Petitioner has not filed a Notice of Change of Address in accordance with this Court's Local Rule 83.5.2(e)[2].  Additionally, the Defendant's certification of service dated November 2004 indicates that Petitioner is located at USP Lewisburg.  However, a recent search of the Bureau of Prisons's website inmate locater reveals that Petitioner is currently housed at FCI Raybrook, in Ray Brook, New York.  This information is based not only on his name, but on his inmate identification number.  In any event, whether Petitioner is in custody at USP Lewisburg, or at FCI Ray Brook, it appears Petitioner is not in custody within the District of Massachusetts.  Therefore, unless the Petitioner was located within this District at the time of filing of a § 2241 petition, this Court would lack jurisdiction over a petition filed under § 2241.

Additionally, unlike § 2255 motions, there is a filing fee associated with habeas petitions.  A party filing a petition for

---

[2] Local Rule 83.5.2 pertains to the filing of Appearances. Section (e) provides for change of address, and states, in relevant part: "...Each attorney appearing and each party appearing pro se is under a continuing duty to notify the clerk of any change of address and telephone number. Notice under this rule shall be filed in every case.  Any attorney or party appearing pro se who has not filed an appearance or provided the clerk with his current address in accordance with this rule shall not be entitled to notice. Notice mailed to an attorney's or party's last address of record shall constitute due notice contestable only upon proof of a failure to mail delivery." Id.

writ of habeas corpus pursuant to § 2241 must either pay the $5.00 filing fee for such petitions, or (2) file an Application to Proceed without prepayment of fees. See 28 U.S.C. § 1914(a)(filing fees); § 1915(proceedings *in forma pauperis*). An Application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. See Rule 3(a) of the Rules Governing Section 2254 cases (applicable to other habeas petitions)(if a petitioner desires to prosecute a petition *in forma pauperis*, he shall file the affidavit required by § 1915 and a certified statement of the amount of funds in prisoner's institutional account); 28 U.S.C. § 1915(a)(2).

Based on the foregoing, the Court will not construe the pending § 2255 Motion (#178) as a § 2241 petition, and will not transfer the matter to another District Court, nor make any determination as to the merits of Petitioner's claim of actual innocence.  Petitioner's Motion (#178) is hereby Ordered Dismissed without prejudice.

II.  <u>Petitioner's § 2255 Motion to Vacate Sentence</u> (#179; #1)

With respect to the pending § 2255 Motion (docketed as #179 in Criminal No. 95-10110-PBS and #1 in Civil Action No. 04-12182-PBS), that motion must also be denied and dismissed as a successive petition requiring leave to file by the First Circuit Court of Appeals.

To the extent Petitioner's motion is premised on <u>Blakely</u> grounds, and the contention that the motion is based on a new rule of constitutional law which could not have been presented in his first petition, the motion still does not overcome the jurisdictional defects presented in a "second or successive" petition analysis.  Such arguments must be made to the First Circuit.[3]

Again, in light of the history of this case, the Court finds that dismissal of this § 2255 motion, rather than transfer, is warranted.

### CONCLUSION

Accordingly, in light of the above, it is hereby ORDERED that:

1. Petitioner's § 2255 Motion to Vacate Sentence Due to Actual Innocence (#178) is denied and dismissed without prejudice;

2. Petitioner's § 2255 Motion to Vacate Sentence (#179) in Criminal No. 95-10110-PBS and (#1) in Civil Action No. 04-12182-PBS is denied and dismissed without prejudice;

3. Civil Action No. 04-12182-PBS shall be administratively closed in view of this Order for dismissal;

4. As an administrative matter, the clerk shall terminate all Petitioner's § 2255 motions docketed in Criminal No. 95-10110-PBS; and

5. In order to ensure Petitioner receives notice of this

---

[3]Whether the Petitioner's argument would be successful remains to be seen. <u>See</u> e.g., <u>Cuevas v. C.J. DeRosa</u>, 386 F.3d 367, 367-68 (1st Cir. October 22, 2004)(The Supreme Court has not "declared <u>Blakely</u> to be retroactive to cases on collateral review.  Therefore, petitioner may not rely on <u>Blakely</u> as a ground for filing a second or successive petition to vacate his federal sentence.").

Court's rulings, the clerk shall mail a copy of this Memorandum and Order to the Petitioner at the USP Lewisburg, PA and at FCI Ray Brook.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

DATED: October 11, 2005